### Barnes v. F. C. Gorrell & Sons et al.

(Two cases).

Dec. 8, 1943.

584

Kinsolving & Reasor for appellants.

R. F. Matthews and William Hays and Bullitt & Middleton and Hubert T. Willis for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Affirming.

The appeal is from a judgment in the consolidated actions instituted by appellants v. appellees, wherein Jack A. Barnes sought to recover for personal injuries and his father, Allen S. Barnes, sought to recover for damages to his automobile, as a result of an accident at the intersection of Buzzard Roost Road with U. S. Highway No. 60 between Shelbyville and Frankfort. The judgment was entered upon a verdict of the jury in favor of appellees at the conclusion of all the evidence, under peremptory instruction of the court.

On November 5, 1941, appellee, under contract with the Highway Department of the Commonwealth of Kentucky, completed the construction of a concrete apron on U. S. Highway No. 60 at its intersection with Buzzard Roost Road. The apron was ten (10) feet in width and five hundred (500) feet in length. To prevent vehicular travel on the apron, steel forms or beams were placed end to end along the apron from four to twelve inches without the lane of travel theretofore constructed. The traveling public was informed of the new construction and forms by the presence of warning signs and smudge pots, which were lighted on the night the accident occurred, which was November 7, 1941. On that night, between 7:30 and 9 o'clock, one of the forms, which weighed approximately one hundred sixty (160) pounds, in some unknown manner was removed from its original position into the lane open for traffic for vehicles traveling in an easterly direction. Appellant, Jack Barnes, eighteen years of age, accompanied by some of his friends, was driving his father's car in an easterly direction on Highway No. 60 at approximately 9 o'clock P. M. that night. As he approached the Buzzard Roost intersection with

the highway, a truck was approaching the intersection traveling in a westwardly direction. Barnes was driving the car at a normal rate of speed in the proper traffic lane, and dimmed his lights for the convenience of the driver of the approaching truck. As he was about to pass the truck, his car struck the steel beam in the highway, causing his car to swerve into the path of the truck and collide with it, resulting in the injuries and damage complained of. The negligence complained of is that appellees should have anchored or fastened the forms in some manner which would insure their not being dislodged from their original position, so as to create the hazard which caused the accident. Appellees proved that the placing of forms on newly constructed highways, and the placing of warning signals and smudge lights, were the usual and customary methods of protecting newly laid concrete and warning the traveling public of the hazard incident to the construction. They additionally introduced evidence that the displacing of such forms from their original position was an extraordinary occurrence, and one which does not occur and cannot be anticipated in the usual course of events. No evidence was introduced to contradict this testimony.

There can be no doubt that an individual constructing a highway under contract with the Commonwealth may be held liable for damages to person or property caused by his negligence in erecting a barricade or obstruction in the highway. The rule is properly stated in 25 Am. Juris., Sec. 414, p. 709, in the following language: "Public authorities and individuals charged with the duty of erecting or placing safeguards or warnings to prevent injury to travelers must exercise reasonable care to see that they are maintained in good order or condition so long as the danger continues. But ordinary care is all that is required, and no liability will be incurred, ordinarily, for injury resulting from the subsequent removal or impairment of such safeguards without the fault or knowledge of the person or corporation so charged with the duty of maintenance, unless there was reason to apprehend or anticipate such removal or impairment, or unless there was negligence in failing to replace or restore such safeguard after notice of its removal or impairment."

From the same text, Sec. 413, p. 708, we quote the following language: "If, however, barriers are erected,

they must be reasonably sufficient for the purpose intended and so constructed and placed as to be readily observable by travelers exercising reasonable care. So, one may be liable for injuries to a traveler who stumbles over a barrier which falls or is knocked down, because of the negligent manner in which it was constructed, or because of the absence of lights. Allowing rails to project beyond a barrier may constitute negligence, especially if the place is not properly lighted.''

The rules recited above have been substantially followed by this court in the cases of City of Louisville v. Hayden, 154 Ky. 258, 157 S. W. 4, 46 L. R. A., N. S., 1193; McWilliams v. Kentucky Heating Co., 166 Ky. 26, 179 S. W. 24, L. R. A. 1916A, 1224; City of Providence v. Young, 227 Ky. 690, 13 S. W. (2d) 1022; Bransom's Adm'r v. Labrot, 81 Ky. 638, 5 Ky. Law Rep. 827, 50 Am. Rep. 193; and cases cited in those opinions. But, as said in White's Adm'r v. Kentucky Public Elevator Co., 186 Ky. 91, 216 S. W. 837, 840, quoting from 20 R. C. L., Sec. 23, p. 30: ''The common experience of mankind is the criterion for determining what cautionary measures shall be taken to avoid injury to others. Every one may rightfully rely upon experience, and as a rule he is not to be charged with negligence in respect of acts which conform to a practice that has existed for years without resulting in any injury, * * * and, subject to some qualifications, it is permissible to prove on (an) issue of negligence the usage or practice of others in performing (the performance of) the same act.''

Whilst proof of defendants' conforming to the practice of others in performing the same act is admissible in evidence, it is not conclusive of the question of negligence. 38 Am. Juris., Sec. 34, p. 679; Daniel's Adm'r v. Hoofnel, 287 Ky. 834, 155 S. W. (2d) 469. Nevertheless, where the defendant, by uncontradicted evidence, shows affirmatively that the act complained of was performed in accordance with the usual and customary manner of persons engaged in like business, it devolves upon the plaintiff to produce evidence that conforming to such practice or custom constitutes negligence. Houston & T. C. R. Co. v. Werline, Tex. Civ. App., 84 S. W. (2d) 288, and cases and authorities therein cited. It was shown by appellees that in placing the steel beams and warning signals and lights in the manner they did, they were conforming to the usual practice engaged in by

careful persons engaged in like and similar enterprises; and, in the absence of any evidence that conforming to such custom and practice in itself constitutes negligence, we are inclined to the opinion that appellants have failed to produce sufficient evidence of negligence to make an issue triable by jury. Contributory negligence does not enter into the question, because it was conclusively shown that Barnes was exercising ordinary care in the operation of the car; nevertheless, before appellants may recover, their proof must be of such character as to overcome the presumption that, by conforming to general custom and practice, appellees were exercising ordinary care. This they have failed to do, on which account the court properly sustained appellees' motion for a directed verdict in their favor.

The judgment is affirmed.