**Dorothy F. BURRISS, Appellant,**

v.

**LOUISVILLE BASEBALL CLUB, Appellee.**

Court of Appeals of Kentucky.

June 13, 1958.

Rehearing Denied Dec. 12, 1958.

Hargadon, Hargadon & Bennett, Louisville, for appellant.

R. P. Hobson, Woodward, Hobson & Fulton, and John P. Sandidge, Louisville, for appellee.

WADDILL, Commissioner.

Appellant, Dorothy F. Burriss, sustained personal injuries when she fell while descending a stairway at the ball park of the appellee, Louisville Baseball Club. The fall was caused by appellant stepping upon a paraffin cup which had been discarded upon the step by another baseball fan. She instituted this action for damages alleging that appellee was negligent in creating the hazardous condition by allowing paraffin cups to remain on the stairway.

Appellant won a verdict for $5,597.10. However, appellee's motion for judgment notwithstanding the verdict was sustained, and the judgment was entered for appellee.

The judgment n. o. v. was granted on the ground that appellee was entitled to a direct verdict. Appellee had shown by uncontroverted evidence that it dispensed beverages in paraffin cups and had otherwise conducted its business in accordance with the usual and customary manner of persons engaged in a similar business. Consequently, appellant had the burden to prove that such practice constituted negligence. The trial court adhered to the rule stated in Barnes v. F. C. Gorrell & Sons, 296 Ky. 583, 177 S.W.2d 395, 397:

"Whilst proof of defendants' conforming to the practice of others in performing the same act is admissible in evidence, it is not conclusive of the question of negligence. 38 Am.Juris., Sec. 34, p. 679; Daniel's Adm'r v.

Hoofnel, 287 Ky. 834, 155 S.W.2d 469. Nevertheless, where the defendant, by uncontradicted evidence, shows affirmatively that the act complained of was performed in accordance with the usual and customary manner of persons engaged in like business, it devolves upon the plaintiff to produce evidence that conforming to such practice or custom constitutes negligence. * * *."

Appellant relies upon Martin v. Los Angeles Turf Club, 39 Cal.App.2d 338, 103 P.2d 188, which affirmed a judgment allowing damages against the proprietor of a race track for injuries sustained by a spectator who fell when she stepped upon a bottle while descending steps in the grandstand. Other cases relied upon are French v. Gardeners & Farmers Market Company, 275 Ky. 660, 122 S.W.2d 487; and Kroger Grocery & Baking Company v. Diebold, 276 Ky. 349, 124 S.W.2d 505, which affirmed judgments awarding damages to plaintiffs who slipped upon objects on the premises of the defendants who had notice of the dangerous conditions. Appellant claims that there is no substantial difference in hazards created by a bottle discarded upon steps and a paraffin cup which was similarly discarded; that there is no dissimilarity in their respective potentialities to become instruments capable of causing injury in the absence of proper care.

The fallacy of appellant's argument is that a bottle becomes a dangerous object when it is discarded at places where persons are apt to step upon it. However, a paraffin cup is not ordinarily dangerous and consequently cannot create a hazardous condition unless some other circumstance is involved.

To sustain the burden of proof in a case of this character the plaintiff must prove that the object causing the fall was either inherently dangerous or that the object became obviously dangerous because of other circumstances. The appellant's proof was insufficient in both of these respects.

Judgment affirmed.