Randy Steven TAYLOR, Appellant,

v.

Patsy Hampton KENNEDY, Individually and as Executrix of the Estate of Annie Sue Hampton, and Edward Kennedy, Appellees.

Court of Appeals of Kentucky.

June 28, 1985.

Rehearing Denied Dec. 6, 1985.

Donna A. Chu, Ben S. Fletcher, III, Hopkinsville, for appellant.

Wendell Rorie, Hopkinsville, for appellees.

Before COOPER, HOWARD and WIL-HOIT, JJ.

COOPER, Judge.

This is an appeal from an order of the trial court entering judgment notwithstanding the verdict for the appellees, defendants below, in an action for negligence. On appeal, the principal issue is whether the trial court erred, as a matter of law, in ruling that there was no evidence of probative value to support a finding of negligence on the part of the appellees, and in

ruling that the appellant was contributorily negligent as a matter of law. Reviewing the record below, we reverse and remand.

The facts relative to this action are as follows: In August of 1981, the appellant, Randy Steven Taylor, filed a negligence action against the appellees, Patsy Hampton Kennedy, individually and as Executrix of the estate of Annie Sue Hampton, and Edward Kennedy, for injuries he sustained while in their employ. Specifically, he alleged that he was employed by the appellees to work on their dairy farm, and on August 31, 1980, "while climbing up steps of [a grain] silo and in the exercise of due care, [he] slipped and fell some sixty (60) feet to a concrete floor due to the unsafe and slippery condition of said silo steps ... thereby suffering serious personal injuries." The appellant alleged that the appellees violated the provisions of KRS 338.031 in not providing him with a safe place in which to work, i.e., in not using every device and method practical to prevent the existing slippery condition on the silo's steps.

After discovery by both parties, the action was tried by a jury. During the trial, the issue of the appellees' negligence and the issue of the appellant's contributory negligence were raised. Furthermore, an issue was raised as to whether the appellant was, in fact, employed at the time of his injury, and whether the steps on the silo were defectively designed. Subsequent to the presentation of the evidence, the trial court instructed the jury on the issues of negligence, contributory negligence, and the duty of the appellees' agent, Richard Wood, if he were the appellees' agent at the time of the accident.

The jury returned a verdict for the appellant in the amount of $25,000: $17,000 representing lost wages and the impairment of his power to earn money; $8,000 representing reasonable hospital and medical expenses. No amount was awarded for pain and suffering. Thereafter, the appellees moved the trial court for judgment n.o.v. and/or a new trial. In their motion, they argued that the appellant was contributorily negligent as a matter of law, and any negligence with respect to the silo should be borne by its designer. The trial court subsequently entered judgment n.o.v. for the appellees. It is from such judgment that the appellant now appeals.

On appeal, the single issue is whether the trial court erred, as a matter of law, in ruling that there was no evidence of probative value to support a finding of negligence on the part of the appellees, and in ruling that the appellant was negligent as a matter of law. Reviewing the record below, we reverse the judgment of the trial court.

██ In ruling on either a motion for a directed verdict or a motion for judgment notwithstanding the verdict, a trial court is under a duty to consider the evidence in the strongest possible light in favor of the party opposing the motion. Furthermore, it is required to give the opposing party the advantage of every fair and reasonable inference which can be drawn from the evidence. And, it is precluded from entering either a directed verdict or judgment n.o.v. unless there is a complete absence of proof on a material issue in the action, or if no disputed issue of fact exists upon which reasonable men could differ. *See Sutton v. Combs*, Ky., 419 S.W.2d 775 (1967).

██ In entering judgment for the appellees, the trial court ruled that the appellant was contributorily negligent as a matter of law. Specifically, it ruled that he was negligent "in choosing to climb the silo steps aware of the obvious and apparent condition of said steps." Viewing the evidence in the strongest possible light in favor of the appellant, we find that the trial court's ruling was correct.

Although the appellant testified that prior to his climbing the silo's ladder, he did not see any decomposed silage on the ladder's *top* steps, he admitted seeing silage on the *bottom* steps. Furthermore, the appellant admitted to seeing one of the appellees' employees—who was preceding him in climbing up the silo—almost fall as he reached the top of the silo. More impor-

tantly, due to the configuration of the silo's ladder, together with the appellant's weight, the appellant was forced to grab the steps with his hands before attempting to step up. Consequently, he would have been aware of decomposed silage on any given step prior to actually stepping on it. Given such facts, the trial court correctly ruled that the appellant, as one aware of the obvious and apparent condition of the steps, was contributorily negligent as a matter of law.

However, the appellant alleged that the appellees were negligent in failing to provide him with a reasonably safe place in which to work. KRS 338.031. Specifically, he alleged that they were negligent in: (1) failing to modify the existing steps on the silo so that it would comply with current safety standards; and (2) allowing decomposed silage to remain on the silo steps. Assuming, for the sake of argument, that there was an absence of any substantive proof concerning a defective design of the silo steps, there *was* evidence of probative value that decomposed silage had been allowed to accumulate on the silo's steps. Consequently, an issue of fact was presented as to whether decomposed silage existed on the steps of the silo and, if so, whether the appellees were negligent in allowing it to be there.

Similarly, although the appellees alleged that the appellant was not in an employer/employee relationship with them at the time of the accident, there was substantial evidence that the appellant was, in fact, an employee at that time—as distinct from a tenant farmer. In that conflicting evidence was presented on this issue, it was a question of fact for the jury to determine. *See Kroger Grocery & Baking Co. v. Diebold*, 276 Ky. 349, 124 S.W.2d 505 (1939). Although the appellees disputed the appellant's contention that he was instructed by Mr. Wood to climb the silo, conflicting evidence *was* presented on this issue, and a jury question was raised along with the issue of Wood's status as to whether he was an employee at the time of the accident.

In that this jurisdiction now recognizes the doctrine of comparative negligence— *Hilen v. Hayes*, Ky., 673 S.W.2d 713 (1984) —this action is remanded to the trial court with directions that it enter a new trial both on the question of the *degree* of the appellant's negligence, and the issue of what extent, if any, the appellees were negligent.

All concur.