**Edward D. GRIFFIN,
Appellant/Cross-Appellee,**

v.

**Gary THOMPSON, Appellee,**

**and**

**Patrick Mann,
Appellee/Cross-Appellant.**

Court of Appeals of Kentucky.

Feb. 27, 1987.

Theodore H. Lavit, Lebanon, for appellant/cross-appellee.

C. William Bailey, Jr., Elizabethtown, for appellees/cross-appellant.

Before COMBS, GUDGEL and McDONALD, JJ.

COMBS, Judge.

Edward D. Griffin appeals from an order and judgment of the Marion Circuit Court directing a verdict against him and dismissing his claim for civil assault, gross negligence, and wanton disregard for his safety. Patrick Mann cross-appeals from the dismissal of his counterclaim for assault and wanton conduct. The trial court based its ruling upon the provisions of KRS 304.39–060, a section of the Kentucky Motor Vehicle Reparations Act (MVRA), the Kentucky No-Fault statute.

Appellant, an off-duty police officer, was at the Galaxy nightclub in Lebanon, Kentucky, when an altercation took place between Gary Thompson and Patrick Mann, and the proprietor of the nightclub, regarding the admission charge. The stage of events relevant in this appeal is when Thompson and Mann, sitting in Mann's automobile, were told by an on-duty police officer that they were under arrest. Thompson, the driver, locked his door. Appellant entered the vehicle on the passenger side and tried to turn the ignition off to assist the arresting officer. Mann, the passenger, attempted to push appellant out as Thompson put the vehicle in gear and proceeded out of the parking lot. Appellant grasped the open vehicle door for awhile, then was thrown off and hit by the rear right side of the automobile as it went over a hump on the lot. He landed across the road and sustained injuries to a hand and knee. Police arrested Thompson and Mann after a chase.

Appellant argues that a deliberate and intentional assault which takes place in an automobile is not controlled by KRS 304.-39–060, the MVRA's section partially abolishing tort liability for damages because of bodily injury, sickness or disease caused by accidents occurring in the Commonwealth and arising from the ownership, maintenance, or use of a motor vehicle, to the extent the basic reparation benefits under any insurance policy are payable. He argues that the common-law assault and battery action is not abolished just because the conduct occurred inside a motor vehicle. To support his argument that deliberate and intentional assaults upon individuals inside a motor vehicle are excluded from

MVRA coverage, he cites the Uniform MVRA, and quotes an interpretation of legislative intent relative to the MVRA, and language from the Restatement (Second) of Torts. He also cites § 54 of the Kentucky Constitution, which mandates that no restriction be made by the General Assembly on recovery for injury or death.

Thompson and Mann argue that Kentucky case law imposes a duty upon its courts to interpret the words of a statute as they are written, and that the plain, literal meaning of KRS 304.39–060 is that its limitations on tort liability control intentional torts occurring inside a motor vehicle. They contend that appellant was using a motor vehicle when he was allegedly assaulted, and that his "medical expense" is not sufficient to satisfy the $1,000.00 threshold requirement of KRS 304.39–060(2)(b) for a tort action against the owner or operator of a motor vehicle. Therefore, they conclude the trial court properly sustained a motion for directed verdict and properly dismissed the action as not authorized under Kentucky law.

We see no need to respond to the parties' arguments based upon the Kentucky MVRA. We reverse the order and judgment of the trial court on the basis of § 14 of the Kentucky Constitution: "All courts shall be open, and every person for an injury done him in his lands, goods, person or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial or delay."

Almost a century before our nearly century-old Commonwealth's Constitution, the U.S. Supreme Court, through Chief Justice John Marshall, eloquently spoke of those same rights contained in § 14 when it said:

> The very essence of civil liberty consists in the right of every individual to claim the protection of the laws whenever he receives an injury....
>
> The government of the United States has been emphatically termed a government of laws, and not of men. It will certainly cease to deserve this high appellation if the laws furnish no remedy for the violation of a vested legal right.

*Marbury v. Madison,* 5 U.S. (1 Cranch) 137, 2 L.Ed. 60 (1803).

We are mindful that case law has found the MVRA to not violate any section of the Kentucky Constitution, including those pertaining to the right to sue, i.e., §§ 14 and 54. *See Fann v. McGuffey,* Ky., 534 S.W.2d 770 (1975); *Stinnett v. Mulquin,* Ky.App., 579 S.W.2d 374 (1978). However, our decision is not based upon any section of the MVRA nor do we decide today whether the Kentucky MVRA controls intentional torts or not. We limit our decision to the facts of this case, as shown by the record, and their impact upon appellant's constitutional rights. We find that the record supports an allegation of assault and battery and that appellant should have his day in court on these facts. We are also of the opinion that appellant and his witnesses propounded sufficient evidence to support an assault and battery instruction and that the directed verdict was granted in error. *See Taylor v. Kennedy,* Ky.App., 700 S.W.2d 415 (1985).

The Order and Judgment of the Marion Circuit Court is reversed and remanded for a new trial on all counts included in appellant's amended complaint and cross-appellant Mann's counterclaim.

McDONALD, J., concurs.

GUDGEL, J., concurs by separate opinion.

GUDGEL, Judge, concurring by separate opinion:

I concur in the result reached by the majority. However, I do so only because the Supreme Court's recent decision in *State Farm Mutual Automobile Insurance Company v. Rains,* Ky., 715 S.W.2d 232 (1986), compels such a conclusion. The injuries sustained by appellant were not caused by his use of appellee Mann's motor vehicle as a vehicle, but rather, resulted from appellee's alleged intentional tortious conduct. It follows, therefore, that appellant's tort action is not barred by KRS 304.39–060. *Rains, supra.*