PRATER CREEK PROCESSING
COMPANY, Movant,

v.

Thelmer McCLANAHAN and Roma
McClanahan, Respondents.

Nos. 87–SC–746–D, 86–CA–770–MR.

Supreme Court of Kentucky.

Nov. 25, 1987.

Arnold Turner, Jr., Turner, Hall, Stumbo
& Riley, PSC, Prestonsburg, for movant.

Michael deBourbon, Pruitt & deBourbon,
Pikeville, for respondents.

v.

Thelmer McCLANAHAN and Roma
McClanahan, Appellees.

No. 86–CA–770–MR.

Court of Appeals of Kentucky.

Aug. 7, 1987.

Arnold Turner, Jr., Turner, Hall & Stumbo, PSC, Prestonsburg, for appellant.

Michael de Bourbon, Pruitt and de Bourbon Law Firm, Pikeville, for appellees.

Before COMBS, COOPER and
DYCHE, JJ.

COMBS, Judge.

This is an appeal from the Pike Circuit Court and involves a claim by homeowners for damages to their house caused by blasting performed by a coal processing facility. Appellees are Thelmer and Roma McClanahan, husband and wife. Appellant is Prater Creek Processing Company (Prater Creek).

The McClanahans began to notice cracks in their home and damage to their septic tank system in late 1981 and early 1982. They also discovered at that time that Prater Creek was blasting near their residence in order to remove a portion of a mountain as they constructed a coal tipple facility. The McClanahans brought suit against Prater Creek alleging that the blasting caused the damage to their property. Evidence was presented at a jury trial, and the jury returned a verdict in favor of the McClanahans. Prater Creek's motions for directed verdict and for judgment n.o.v. were overruled. It is from the orders overruling these motions that this appeal is taken. Prater Creek's position is that the trial

court erred in overruling the motions because the McClanahans failed to introduce sufficient competent evidence that Prater Creek did in fact conduct blasting at the time and place alleged, or that such blasting damaged the McClanahans' property.

The McClanahans' direct evidence included their own testimony. Ms. McClanahan testified that she was at home various times when the blasting occurred, and that she could feel the vibrations. She observed during these times drinking glasses falling and smoke rising from the Prater Creek site. She further testified that she personally observed the Prater Creek operation and travelled past it on a daily basis.

Mr. McClanahan testified that neither he nor his wife ever noticed any damage to their property until after the Prater Creek blasting, which was from late 1981 until early 1982.

Mr. James Ellis, a registered architect, testified that during his professional career he had examined structures damaged by blasting, and that in his opinion the damage to the McClanahan residence which he observed was vibrational damage consistent with blasting damage he had seen before.

> In ruling on either a motion for a directed verdict or a motion for judgment notwithstanding the verdict, a trial court is under a duty to consider the evidence in the strongest possible light in favor of the party opposing the motion. Furthermore, it is required to give the opposing party the advantage of every fair and reasonable inference which can be drawn from the evidence. And, it is precluded from entering either a directed verdict or judgment n.o.v. unless there is a complete absence of proof on a material issue in the action, or if no disputed issue of fact exists upon which reasonable men could differ.

*Taylor v. Kennedy*, Ky.App., 700 S.W.2d 415 at 416 (1985), citing *Sutton v. Combs*, Ky., 419 S.W.2d 775 (1967).

We believe the evidence as outlined above was competent and sufficient to withstand attack by motions for directed verdict and for judgment n.o.v. There is no dispute that the McClanahans' house was damaged. Fair and reasonable inference could be drawn from the evidence in favor of the McClanahans.

Therefore, the judgment of the Pike Circuit Court is affirmed.

All concur.