Larry MASON and Carolyn Mason, Appellants,

v.

Glenn D. KELTNER, d/b/a Keltner Transport and National Casualty Company, Appellees.

METROPOLITAN PROPERTY AND LIABILITY INSURANCE COMPANY and Connie E. Mason and Joseph W. Mason, Appellants,

v.

Glenn D. KELTNER, d/b/a Keltner Transport and National Casualty Company, Appellees.

Nos. 91–CA–1867–MR, 91–CA–1888–MR.

Court of Appeals of Kentucky.

Sept. 18, 1992.

Discretionary Review Denied by Supreme Court July 1, 1993.

Thomas W. Davis, Glasgow, for appellants Larry Mason and Carolyn Mason.

Timothy L. Edelen, Bowling Green, for appellants Metropolitan Property and Liability Ins. Co., Connie E. Mason and Joseph W. Mason.

Michael K. Bishop, Max B. Harlin, III, Bowling Green, for appellees Glenn D. Keltner, D/B/A Keltner Transport and Nat. Cas. Co.

Before DYCHE, McDONALD and SCHRODER, JJ.

SCHRODER, Judge:

This is a personal injury action in which appellants appeal from a judgment entered by the Barren Circuit Court and an order overruling appellants' motion for judgment N.O.V. and for a new trial.

The three questions before us are whether appellants were entitled to a directed verdict of liability against appellees, whether the trial court erred by directing that the jury be apprised that appellant's medicals had been paid by a collateral source without identifying the collateral source, and whether the instructions given by the trial court were erroneous for not including a duty not to block the highway and an instruction on the sudden emergency doctrine. It is our opinion that there was no error.

The accident in question occurred at the intersection of Highway 252 and Highway 31–E in Barren County, Kentucky. Running north and south, Highway 31–E is level and straight for approximately one-half mile in either direction from the intersection of Highway 252 and Highway 31–E. It appears from the record that a left turn onto Highway 252 from northbound on

Highway 31–E is rather sharp and more than a right angle.

It is undisputed that after dark on the night of August 31, 1988, plaintiff/appellant, Larry Mason ("Mason"), was travelling south on Highway 31–E in his son's truck which did not have functioning headlights. The defendant/appellee, Glenn D. Keltner ("Keltner"), was travelling north on Highway 31–E in his tractor and trailer until he reached the intersection of Highway 252 and Highway 31–E in which he stopped to make a left-hand turn. After a few oncoming cars passed, Keltner proceeded to turn left and had cleared the northbound lane and approximately one-half of the southbound lane of Highway 31–E when Mason's vehicle struck the right rear wheels of Keltner's trailer.

It appears from the record that Keltner admits he saw Mason's vehicle approaching, but thought he could safely make the turn due to the distance Mason was away from the intersection. Keltner also testified that he was attempting to turn left prior to the impact for approximately twenty to forty seconds, but at no time did his vehicle stop. Mason testified that he observed a set of bright lights heading northbound on Highway 31–E, but stated he did not slow his vehicle despite his inability to see. An independent witness to the accident, Mr. Johnson, testified that Mason was travelling approximately 55 to 65 m.p.h. and did not hit his brakes until right before he reached Keltner's truck. Mr. Johnson also stated that Keltner's tractor trailer did not stop while making its turn until it was struck by the Mason vehicle and that Keltner attempted to turn prior to impact for approximately one-and-a-half to two minutes.

As a result of the collision, Mason incurred medical expenses in the amount of $27,291.00 of which $10,000.00 was paid by Metropolitan Property and Liability Insurance Company ("Metropolitan") and $14,004.86 was paid by HMO Kentucky. Both Metropolitan and HMO Kentucky intervened for reimbursement of no-fault benefits paid. At the trial, Connie and Joseph Mason also intervened for recovery of damages to their truck driven by Larry Mason. The jury returned a verdict for Keltner and, after the trial court overruled appellants' motion for judgment N.O.V. and a new trial, this consolidated appeal followed.

Appellants contend, first, that the trial court erred in overruling their motion for a directed verdict on the issue of Keltner's negligence. This Court in *Taylor v. Kennedy*, Ky.App., 700 S.W.2d 415, 416 (1985) stated:

> In ruling on either a motion for a directed verdict or a motion for judgment notwithstanding the verdict, a trial court is under a duty to consider the evidence in the strongest possible light in favor of the party opposing the motion. Furthermore, it is required to give the opposing party the advantage of every fair and reasonable inference which can be drawn from the evidence.

■ In the case at bar, the jury and trial court were faced with the issue of whether Keltner made an improper left turn and whether Mason failed to keep a proper lookout. While the appellants cite several cases to support the position that Keltner was negligent as a matter of law due to the fact that he made a left-hand turn in front of Mason's approaching vehicle, we cannot agree. It is true that Mason, as the driver pursuing a straight course at the intersection, has the right-of-way over Keltner, who was seeking to turn into Mason's projected path. *See Compton v. Johnson*, Ky., 522 S.W.2d 448 (1975). In addition, KRS 189.380(1) enjoins a driver from turning a vehicle to the right or left "until such movement can be made with reasonable safety...." However, this duty is not absolute in the sense that any collision itself proves conclusively that the turn could not be made with reasonable safety. *Compton, supra* at 450.

■ We believe in viewing the evidence in the strongest possible light in favor of Keltner, the party opposing the directed verdict, the appellants were not entitled to a directed verdict. *Taylor, supra.* In each of the cases the appellants cite, the driver of the turning vehicle did not see the oncoming vehicle and pulled out right in front

of the oncoming vehicle which had the right-of-way. In the case at bar, however, Keltner testified that he saw the Mason's vehicle and was of the opinion that he *could safely make the turn* since Mason's vehicle was quite a distance away. There was further evidence that Mason was not keeping a proper lookout in that he may have been looking down at the radio in his son's vehicle prior to the accident. Also, despite seeing lights ahead which Mason admitted impaired his vision, he did not slow down. Moreover, it appears from the evidence that Keltner did not pull out right in front of Mason and make a sudden left turn. We believe the evidence above shows there are several disputed issues in this case upon which reasonable persons could differ. *Taylor, supra.*

■ Appellants next argue that it was erroneous for the trial court to apprise the jury that Mason's medicals had been paid by a collateral source without identifying the collateral source. KRS 411.188(3) expressly states that collateral source payments are admissible in any civil trial. Pursuant to KRS 411.188(3), we believe the trial court committed no error. But even assuming *arguendo* that it was error, the error would be harmless since the identification of the collateral sources would have only inserted "insurance" into the trial and quite possibly prejudiced the jury against Mason and the other appellants.

■ Appellants' remaining contentions are that the trial court erred by refusing to include in the jury instructions, first, that Keltner had a duty not to block the highway and, second, that the sudden emergency doctrine modifies Mason's duties. On the blocking instruction, from review of the record, it appears that there is no evidence that Keltner's truck ever stopped on the highway before Mason struck the rear part of Keltner's tractor trailer. Consequently, we believe the jury was properly instructed as to Keltner's duties in regard to making a left-hand turn.

■ On the issue of the sudden emergency instruction, our Supreme Court held in *Mitchell v. Mitchell*, Ky., 428 S.W.2d 222, 224 (1968), that the "appropriateness

of a sudden emergency instruction rests upon the theory that the affected party was *suddenly confronted* with a choice between alternative courses of action...." (emphasis added). In the case at bar, the record shows that Mason was *not suddenly confronted* by Keltner turning left directly in front of Mason's projected path, thus leaving Mason little or no time to react in a reasonably prudent manner. On the contrary, the evidence indicates Keltner had been attempting to turn left for at least twenty seconds before the accident and had almost cleared the intersection. Moreover, Mason's own testimony was that he saw bright lights ahead and despite his inability to see, he did not slow down. We believe, therefore, that the trial court's denial of the sudden emergency doctrine was proper.

There being no error, the judgment of the circuit court is affirmed.

DYCHE, J., concurs.

McDONALD, J., dissents and files separate opinion.

McDONALD, Judge, dissenting.

I dissent not because the majority opinion is wrong, but because a misleading application of the law will result. I dissent in the spirit of *Mitchell v. Hadl*, 816 S.W.2d 183, 185 (1991):

When the facts reveal a fundamental basis for decision not presented by the parties, it is our duty to address the issue to avoid a misleading application of the law.

I dissent because, in my opinion, KRS 411.188(3) is unconstitutional, and it has been declared so in at least two circuits of the Commonwealth thus far. The statute is a rule of evidence passed by the legislature which unwarrantedly intrudes into the judicial function of conducting a fair trial. Collateral sources are not the concern of a jury, and matters addressing such payments should be handled by the trial court by post-trial motions. The statute is confusing and nonsensical, and is a source of disorder in our jury trial courts.

The Supreme Court of Georgia has declared its collateral source payments statute unconstitutional on equal protection grounds. *See Denton v. Con–Way Southern Express, Inc.*, 261 Ga. 41, 402 S.E.2d 269 (1991).

The trial court erred in applying KRS 411.188(3), and a new trial should be granted. Regardless, the Supreme Court should come to grips with the constitutionality of KRS 411.188(3).