**Labecca Gail LAYNE, Plaintiff–Appellee,**

v.

**WAL–MART STORES, INC., Defendant–Appellant.**

**No. 00–5607.**

United States Court of Appeals, Sixth Circuit.

Nov. 19, 2001.

Before RALPH B. GUY, JR. and MOORE, Circuit Judges; and HULL,* District Judge.

OPINION

MOORE, Circuit Judge.

Defendant–Appellant, Wal–Mart Stores, Inc. ("Wal–Mart"), appeals the district court's denial of its motion for a new trial or remittitur, challenging the jury instruction on liability and claiming that the jury verdict was excessive. Because we do not find the instruction at issue to be in direct conflict with Kentucky law, we cannot say that the district court committed reversible error. We agree with the district court that the damages award was not excessive when evaluated against compara-

---

* The Honorable Thomas Gray Hull, United States District Judge for the Eastern District of Tennessee, sitting by designation.

ble cases. Therefore, we AFFIRM the judgment of the district court.

## I

On January 27, 1997, Labecca Gail Layne ("Layne") went shopping at the Wal–Mart store in Ashland, Kentucky. As Layne walked towards the check-out registers to make her purchase, she saw a Wal–Mart employee with a mop in his hand and a bucket on the floor. The employee did not follow Wal–Mart's policy of directing customers away from spills. Trying to avoid the area that she thought was wet, Layne went down a different aisle to the registers and walked through the area that the employee had previously mopped. When Layne slipped on the wet floor, she landed hard on her right knee, where she heard a pop and felt pain that became excruciating. Layne claims that this fall caused her extensive injuries.

On May 30, 1997, Layne sued Wal–Mart for negligence in a Kentucky state court. Wal–Mart then removed the case to federal court based upon diversity of citizenship under 28 U.S.C. § 1332. At trial, the Wal–Mart employee testified that he had created "a soapy residue" when he mopped up some clear or light-colored liquid hand soap that had spilled out of a product display onto the light-colored tile floor. Joint Appendix ("J.A.") at 123. The uncontroverted evidence established that Layne suffered a completely torn anterior cruciate ligament in her knee, a torn lateral meniscus, and damage to her kneecap area and the inside part of her thigh bone as a result of the fall. Layne's injuries required her to undergo at least five corrective and reconstructive surgeries, which failed to restore stability to her knee.

Prior to the accident, Layne, a thirty-five-year-old wife and mother of three young sons, enjoyed an active and athletic lifestyle, exercising frequently and joining her family in the numerous sports that her husband coached and her sons played. Layne now suffers from constant pain and is unable to do anything more rigorous than walk on a level plane. Her knee injuries prevent her from participating in her family's active lifestyle, which has placed a strain on her marriage and her relationship with her sons.

After a two-day trial, the jury returned a verdict in Layne's favor in the amount of $1,710,486.20, consisting of $1,822.62 for lost wages, $108,663.58 for past medical expenses, $100,000 for permanent impairment of her ability to earn income, and $1.5 million for past and future pain and suffering. The jury also found that Layne bore no fault for her injuries. Wal–Mart filed a motion for a new trial or remittitur, which the district court denied. This timely appeal followed.

## II

### A

Wal–Mart claims that it is entitled to a new trial because the trial court erred in its jury instructions. We first note that, contrary to Layne's argument, Wal–Mart did make a contemporaneous objection to the jury instruction and thus did not waive this claim of error. Under Federal Rule of Civil Procedure 51, a party objecting to any jury instruction must "stat[e] distinctly the matter objected to and the grounds of the objection." *Id.* "A request for an instruction to the jury under Rule 51 may amount to and be considered an objection to the charge as given, particularly when it expresses a different or contrary theory of law." 9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2554, at 424 (2d ed.1995). Objections need not be made with any "particular formality"; they must simply inform the district court

of possible errors in the charge and give him an opportunity to correct them. *Id.* at 428; *see also Roberts v. City of Troy,* 773 F.2d 720, 723 (6th Cir.1985).

The record indicates that the district court understood Wal–Mart's position regarding his refusal to charge the jury on whether a condition "created an unreasonable risk of harm." J.A. at 154. It is clear that Wal–Mart wanted an instruction on breach and that the district court found that one was unnecessary on the facts of this case. Wal–Mart also filed a proposed jury instruction that covered the duty and breach elements of Layne's negligence claim. Because the record discloses that the judge was informed about the question of law involved, Wal–Mart saved this claim of error for review. *See Woodbridge v. Dahlberg,* 954 F.2d 1231, 1237 (6th Cir. 1992).

### B

■ Wal–Mart contends that the district court's jury instructions incorrectly stated Kentucky law. We review de novo the correctness of a district court's jury instructions. *Fisher v. Ford Motor Co.,* 224 F.3d 570, 576 (6th Cir.2000). We must ask "whether the charge, taken as a whole, fairly and adequately submits the issues and applicable law to the jury." *Id.* at 575–76 (quoting *United States v. Martin,* 740 F.2d 1352, 1361 (6th Cir.1984), *cert. denied,* 472 U.S. 1029, 105 S.Ct. 3506, 87 L.Ed.2d 636 (1985)). A new trial is warranted when jury instructions "taken as a whole, are misleading or give an inadequate understanding of the law." *Jones v. Federated Fin. Reserve Corp.,* 144 F.3d 961, 966 (6th Cir.1998). "A district court's refusal to give a specific requested jury instruction, however, is reviewed for abuse of discretion." *Fisher,* 224 F.3d at 576.

Although Wal–Mart did not waive its objection, we conclude that its argument lacks merit, because the district court's instructions to the jury were correct under Kentucky law. The only function of a Kentucky jury is "to decide disputed issues of fact." 2 JOHN S. PALMORE & RONALD W. EADES, KENTUCKY INSTRUCTIONS TO JURIES § 13.01 (4th ed.1989). Therefore, jury instructions for Kentucky slip-and-fall cases present simple factual questions for the jury to answer. These questions depend on the particular circumstances of a specific case. *See, e.g., id.* § 24.01 (oily floor); *id.* § 24.03 (unguarded pit); *id.* § 24.06 (boiler explosion). For cases in which the possessor creates a dangerous condition in the form of water on the floor, the jury instruction focuses on causation. *Id.* § 24.02. This instruction explicitly assumes the facts of *Kroger Grocery & Baking Co. v. Diebold,* 276 Ky. 349, 124 S.W.2d 505 (Ky.1939), in which the court affirmed a judgment that awarded damages to a plaintiff who was injured when she slipped on water dripping from ice stacked too high on a fish display counter. *Id.,* 124 S.W.2d at 506; *see also Kroger Co. v. Thompson,* 432 S.W.2d 31, 33 (Ky.1968) (citing *Diebold* in holding that the plaintiff had met the burden of establishing "the cause of his fall and [the fact] that the merchant caused the condition"). Section 24.02 thus appears to be the proper instruction when there is no issue as to whether the specific condition of water on a store's floor is hazardous.

In this case, the district court patterned the disputed instruction directly on § 24.02, placing great emphasis on the fact that "Wal–Mart's employee, like the Kroger employees in *Diebold,* undeniably created a hazardous condition [and] then failed to guard against the same." J.A. at 36. The district court correctly read the *Diebold* case to stand for the proposition that "the store always remains liable for

injuries resulting from its own negligence or that of its employees." J.A. at 36. We recognize that instructing the jury on the common law requirements of a negligence claim would reduce confusion on this issue, but defer to Kentucky's fact-based model of jury instructions. Under the circumstances of this case, we do not believe that the district court committed reversible error.

### C

Next, Wal–Mart argues that the district court should have instructed the jury on the "open and obvious" defense, which absolves a possessor of liability for harms caused by such conditions. *Bonn v. Sears, Roebuck & Co.*, 440 S.W.2d 526, 529 (Ky. 1969) (holding that a grease pit in an automobile service station was a "known or obvious" hazard, "because the risk was inherent in the nature of the activity itself"). The hazard at issue in this case, as described by the district court, was "a small, clear puddle of soap water" on shiny white or light-colored tile. J.A. at 37. Wal–Mart asserts that the jury could have found that Layne knew about the potential danger because she saw its employee with a mop in his hand. However, Layne did not concede knowledge of the spill itself; she testified that she became aware of a "slicky" or "sticky" clear substance on the floor when she felt wetness on her skirt, leg, and hands after she fell. J.A. at 99. The Wal–Mart employee himself did not see the spill until he came within a foot of it. The soap and water mixture in this case was thus less obvious than the grease pit in *Bonn*, and the location of the hazard was apparently unknown to Layne.

### III

Wal–Mart's final challenges relate to the size of the verdict. We review for abuse of discretion a district court's decision to deny a motion for a new trial based on excessive damages or a remittitur. *Skalka v. Fernald Envtl. Restoration Mgmt. Corp.*, 178 F.3d 414, 424 (6th Cir.1999), *cert. denied*, 530 U.S. 1242, 120 S.Ct. 2687, 147 L.Ed.2d 960 (2000). We will reverse such a denial only if we have a "definite and firm conviction" that the trial court committed "a clear error of judgment." *Holmes v. City of Massillon*, 78 F.3d 1041, 1045 (6th Cir.), *cert. denied*, 519 U.S. 935, 117 S.Ct. 312, 136 L.Ed.2d 228 (1996).

We have previously held that a jury verdict should be upheld "unless it exceeds the maximum that a jury could reasonably find to be compensatory for the plaintiff's loss." *Skalka*, 178 F.3d at 425 (internal quotation marks omitted). The evidence must be viewed in the light most favorable to the awardee. *Farber v. Massillon Bd. of Educ.*, 917 F.2d 1391, 1395 (6th Cir. 1990), *cert. denied*, 498 U.S. 1082, 111 S.Ct. 952, 112 L.Ed.2d 1041 and 501 U.S. 1230, 111 S.Ct. 2851, 115 L.Ed.2d 1019 (1991). "If there is any credible evidence to support a verdict, it should not be set aside." *Id.* However, a verdict that is "clearly excessive, resulted from passion, bias or prejudice; or is so excessive ... as to shock the conscience of the court" may be remitted. *Id.*

### A

■ Wal–Mart argues that the district court should have looked solely to Kentucky cases and thus erred by considering cases from other jurisdictions. In explaining its decision to uphold the verdict, the district court relied primarily on our opinion in *Thompson v. National Railroad Passenger Corp.*, 621 F.2d 814 (6th Cir.), *cert. denied*, 449 U.S. 1035, 101 S.Ct. 611, 66 L.Ed.2d 497 (1980), where we stated our willingness to consider "the nature and extent of the injuries, suffering, expenses, diminution of earning capacity, inflation and high cost of living, age and expectancy of life" when deciding whether a verdict

was excessive. *Id.* at 827. Acknowledging that "[a] seven figure verdict . . . is always somewhat shocking in a personal injury case," the district court reasoned that the verdict, in light of Layne's substantial medical bills, her need for future treatment, and the probable permanency of her suffering, was "not so · excessive as to shock the Court's conscience." J.A. at 30–31. We agree with the district court's detailed analysis of Layne's permanent and serious injuries and find no error in its discussion of the *Thompson* factors.

Moreover, we reiterate that comparable decisions are "instructive" but "not controlling" when we review for abuses of discretion. *Humble v. Mountain State Constr. Co.,* 441 F.2d 816, 820 (6th Cir. 1971); *see also Thompson,* 621 F.2d at 827 ("[T]he cases involving similar injuries are in no sense controlling."). Thus the ratio of the pain and suffering award to the medical expense award is not dispositive. We also agree with the district court's determination that the Kentucky cases cited by Wal–Mart were not comparable because they were "just too factually distinctive." J.A. at 32. None of those plaintiffs appear to have suffered injuries as serious as Layne's injuries or undergone the extensive surgery that Layne required. *Cf. Gorlikowski v. Tolbert,* 52 F.3d 1439, 1447 (7th Cir.1995) (holding that a total damage award of $1.425 million was not excessive where the plaintiff required five surgeries on his knee).

Furthermore, contrary to the arguments of Wal–Mart, Kentucky law does allow the consideration of out-of-state-cases when evaluating whether a damage award is reasonable. *See, e.g., Aetna Oil Co. v. Metcalf,* 300 Ky. 817, 190 S.W.2d 562, 563 (Ky.1945) (examining cases from Wisconsin and Nebraska that involved "quite similar" injuries before holding that the jury verdict was not excessive). Kentucky courts will look to cases involving similar injuries, even those from other jurisdictions, and the district court's examination of non-Kentucky cases was proper.

Because juries in similar cases have reached similar verdicts, we conclude that the verdict in this case is neither clearly excessive nor so excessive as to shock our conscience. Wal–Mart suggests that "this verdict simply has no parallel and could only have resulted from impermissible passion and prejudice." Appellant's Br. at 35. We disagree. As the district court observed, the jurors were questioned closely during voir dire and none of them indicated that they harbored negative feelings about Wal–Mart. They were also specifically instructed before they began deliberations to treat Wal–Mart without bias. Nothing but the size of the verdict suggests that the jury's award was swayed by passion or prejudice, and we have already stated our conclusion that the verdict was not excessive.

B

Finally, Wal–Mart argues that Layne's award was excessive because the evidence did not support the jury's finding that Layne bore no fault for her injuries. Instead, Wal–Mart argues that "Layne's own testimony demonstrates that her conduct—ignoring a knowable risk and a clear warning sign—played at least some role in her injury." Appellant's Br. at 32. Absent a clear abuse of discretion, however, we will not set aside the district court's determination that the jury's apportionment of fault was not excessive. *Meyers v. Wal–Mart Stores, East, Inc.,* 257 F.3d 625, 635 (6th Cir.2001).

In this case, there was sufficient evidence to support the jury's finding that Wal–Mart bore the fault for Layne's injuries. A Wal–Mart employee testified that he had used a mop to clean the spill instead of paper towels as Wal–Mart policy dictated, thereby making the floor slick

with a soapy mixture. In addition, Layne's testimony provided sufficient evidence for the jury to conclude that she had acted in a reasonably prudent manner. The soap was clear or light in color and the floor was made out of white or a light-colored tile. Layne testified that she saw the employee who was mopping and that she tried to avoid walking through a wet area. On these facts, the jury could reasonably conclude that Layne was not at fault. *Cf. Cozine v. Shuff,* 378 S.W.2d 635, 636 (Ky.1964) (holding that the plaintiff was not contributorily negligent because "a person of ordinary prudence would not have seen lard blended against a similar coloring on a kitchen linoleum").

## CONCLUSION

For the foregoing reasons, we AFFIRM the decision of the district court.