ESTATE OF Mabel C. MOLONEY, APPELLANT

v.

John D'Arcy BECKER, Appellee.

No. 2011–CA–001773–MR.

Court of Appeals of Kentucky.

April 19, 2013.

Thomas A. Prewitt, Ft. Mitchell, KY, for appellant.

Frank V. Benton, IV, Cynthiana, KY, for appellee.

Before NICKELL, TAYLOR, and VANMETER, Judges.

## OPINION

VANMETER, Judge:

The Estate of Mabel C. Moloney ("Estate") appeals from the Bracken Circuit Court judgment, as well as its order denying the Estate's motion for a judgment notwithstanding the verdict (JNOV), resulting in the dismissal of its complaint alleging negligence against John Becker. For the following reasons, we affirm.

John is a financial planner who performed services for Mabel Moloney. Though not a licensed attorney, in 1995, John prepared a Qualified Personal Residence Trust ("QPRT") for a 181–acre farm on which Mabel resided. Although the QPRT was prepared, title to the farm was apparently never transferred to the trust. Mabel subsequently moved her assets to Fifth Third Bank, and her financial relationship with John ended. In 1999, Fifth Third advised Mabel, Ann Thomas, Mabel's daughter and power of attorney, and Ann's grandson, Lytle, who worked at the bank, that the QPRT was defective. Ann and Lytle claimed to further consult with a tax and estate planning attorney, who informed them that the QPRT was indeed defective and could not be cured.

Mabel died in 2003. Since the QPRT was defective, the farm was included in Mabel's estate and subjected to federal estate taxes totaling $142,901. The Estate filed the underlying action against John alleging he was negligent in setting up the defective QPRT causing damages equaling the amount paid in federal estate taxes on the farm. The Estate moved for a directed verdict, which the trial court denied. Following the presentation of all the evidence, the jury returned a verdict finding John to have violated his duty of care owed to Mabel, but determined that his actions did not cause injury to the Estate. The

Estate filed for a JNOV, which the trial court denied. This appeal followed.

■ On appeal, the Estate argues the trial court erred by denying its motions for a directed verdict and JNOV because the evidence demonstrated that John engaged in the unauthorized practice of law, prohibited by KRS[1] 524.130, and thus, he was negligent per se. We disagree.

■ The standard of review regarding a motion for a directed verdict or JNOV has been described as a difficult one for an appellant to meet. *Peters v. Wooten,* 297 S.W.3d 55, 65 (Ky.App.2009). Our court in *Taylor v. Kennedy,* 700 S.W.2d 415 (Ky. App.1985) described it as follows:

> In ruling on either a motion for a directed verdict or a motion for a [JNOV], a trial court is under a duty to consider the evidence in the strongest possible light in favor of the party opposing the motion. Furthermore, it is required to give the opposing party the advantage of every fair and reasonable inference which can be drawn from the evidence. And, it is precluded from entering either a directed verdict or [JNOV] unless there is a complete absence of proof on a material issue in the action, or if no disputed issue of fact exists upon which reasonable men could differ.

*Id.* at 416 (citation omitted). We may not disturb the ruling unless the decision is clearly erroneous. *Peters,* 297 S.W.3d at 65 (citation omitted). As such, a denial of a directed verdict or JNOV "should only be reversed on appeal when it is shown that the verdict was palpably or flagrantly against the evidence such that it indicates the jury reached the verdict as a result of passion or prejudice." *Id.* (citation omitted).

---

1. Kentucky Revised Statutes.

■ Here, since the jury found John's actions to have violated the standard of care, whether he engaged in the unauthorized practice of law is immaterial. A claim of negligence per se merely substitutes the common law standard of care with a statutory standard of care. *Young v. Carran*, 289 S.W.3d 586, 588–89 (Ky. App.2008) (quoting *Real Estate Marketing, Inc. v. Franz*, 885 S.W.2d 921, 926–27 (Ky. 1994)). Whether John violated his common law standard of care or the statutorily-imposed standard of care found in KRS 524.130 is immaterial since "the violation 'must be a substantial factor in causing the result.' " *Isaacs v. Smith*, 5 S.W.3d 500, 502 (Ky.1999) (quoting *Britton v. Wooten*, 817 S.W.2d 443, 447 (Ky.1991)). The issue in the underlying case is whether substantial evidence supported the jury's finding that John's negligence was not a substantial factor in causing an injury to the Estate. Thus, the Estate's argument that John's actions violated KRS 524.130 is not germane to the issue.

■ Causation is a question of fact when " 'the jury may reasonably differ as to whether the conduct of the defendant has been a substantial factor in causing the harm to the plaintiff.' " *Pathways, Inc. v. Hammons*, 113 S.W.3d 85, 92 (Ky.2003) (citation omitted). In a negligence case such as this one, "the jury resolves any conflicts in the testimony and also any conflicts in the reasonable inferences to be drawn from the testimony[.]" *Horton v. Union Light, Heat & Power Co.*, 690 S.W.2d 382, 385 (Ky.1985) (citations omitted).

Kentucky has adopted the "substantial factor" test to establish causation, which was explained in *Deutsch v. Shein*, 597 S.W.2d 141 (Ky.1980), as follows:

> "In order to be a legal cause of another's harm, it is not enough that the harm would not have occurred had the actor not been negligent. (T)his is necessary, but it is not of itself sufficient. The negligence must also be a substantial factor in bringing about the plaintiff's harm. The word 'substantial' is used to denote the fact that the defendant's conduct has such an effect in producing the harm as to lead reasonable men to regard it as a cause, using that word in the popular sense, in which there always lurks the idea of responsibility, rather than in the so-called 'philosophic sense,' which includes every one of the great number of events without which any happening would not have occurred. Each of these events is a cause in the so-called 'philosophic sense,' yet the effect of many of them is so insignificant that no ordinary mind would think of them as causes."

*Id.* at 144 (quoting Restatement of Torts, Second sec. 431, Comment a.) In determining whether an event is a substantial factor in causing an injury, courts should consider:

> (a) the number of other factors which contribute in producing the harm and the extent of the effect which they have in producing it;
>
> (b) whether the actor's conduct has created a force or series of forces which are in continuous and active operation up to the time of the harm, or has created a situation harmless unless acted upon by other forces for which the actor is not responsible;
>
> (c) lapse of time.

Restatement (Second) of Torts § 433 (1965).

■ In the case at bar, evidence was presented that Mabel and Ann were aware the QPRT was defective and did not create a valid QPRT. Furthermore, they took no steps to ameliorate the effect of the deficiency prior to Mabel's death. Despite the

Estate submitting evidence that Ann and Mabel were told the QPRT could not be cured, the jury was free to conclude from the evidence that John's negligence was not a substantial factor in causing the damages. The circumstances indicate that despite John's negligence, the farm would still have passed to the Estate upon Mabel's death. Further, the jury could have concluded that Ann and Mabel could have created a valid trust, and their failure to do so was the cause of the damages. As a result, the trial court did not err by denying the Estate's motions for a directed verdict and JNOV.[2]

Finally, the Estate also argues that the trial court abused its discretion by allowing John to testify about his prior work as a financial planner for Mabel. Such testimony, the Estate claims, was unfairly prejudicial because the jury could conclude that his prior work saving Mabel money outweighs his negligent actions in the underlying case. We disagree.

We review a trial court's evidentiary rulings for an abuse of discretion. *Goodyear Tire & Rubber Co. v. Thompson*, 11 S.W.3d 575, 577 (Ky.2000) (citations omitted). An abuse of discretion occurs if the trial court's "decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Id.* at 581 (citation omitted).

KRE [3] 403 provides that relevant evidence may be excluded by the trial court "if its probative value is substantially outweighed by the danger of undue prejudice[.]" Here, since the jury found John's actions to be negligent, we fail to appreciate any prejudicial effect his testimony regarding prior work for Mabel may have had on the jury. The jury inferred from the evidence that John's negligence was not a substantial factor in causing injury to the Estate. The Estate fails to explain how John's testimony had any prejudicial effect on that outcome.

The judgment and order of the Bracken Circuit Court are affirmed.

ALL CONCUR.

---

2. The Estate raises a number of issues relating to evidence John presented to establish both Mabel's and Ann's negligence, however the jury did not reach the issue of comparative fault. As a result, the Estate's arguments relating to the trial court instructing the jury on Mabel's and Ann's duties to the Estate, the admission of expert testimony from an attorney who detailed options Mabel and Ann could have explored to prevent the farm from transferring to the Estate, and the admission of evidence of Mabel's and Ann's negligence are moot.

3. Kentucky Rules of Evidence.