**WEBB v. VERKAMP CORP. et al.**

Court of Appeals of Kentucky.
Jan. 30, 1953.

L. M. Ackman, Williamstown, for appellant.

Graydon, Head & Richey, H. G. Hightower, Stanley C. Moebus, Cincinnati, Ohio, Vest & Vest, Walton, Frank S. Connely, Warsaw, for appellees.

DUNCAN, Justice.

Everett Webb and his son, Everett Lee Webb, died on April 3, 1945, as a result of injuries sustained in a gas explosion. The father predeceased his son by a few hours, survived by his son and the appellee, Gaynelle Webb (now Gayer), who was his second wife. The son was survived by his grandparents, Jeff Webb and the appellant, Lula Webb, who were also his adoptive parents.

At the time of his death, Everett Webb was the owner, among other property, of the business operated as Webb Philgas Company. The business for some years had acted as distributor of liquified bottled gas for Verkamp Corporation, and in that connection was required to make deposits to Vercamp on each gas cylinder received and in use by its customers. At the time of the death of Everett Webb, these deposits amounted to $6,424.60.

On August 9, 1945, appellee, Gaynelle Gayer, individually and as administratrix of the estate of Everett Webb, and Jeff Webb and Lula Webb, individually and in their capacities as administrators of the estate of Everett Lee Webb, entered into a contract providing for a division of the estate of Everett Webb. This agreement provided, insofar as the business was concerned, that the value of its total assets, was $14,000, and Mrs. Gayer agreed to pay to Lula and Jeff Webb the sum of $7,000 for which they were to execute a bill of sale for their undivided interest in the business. The agreement further provided that Everett Lee's estate should pay an indebtedness of approximately $2,500 to F. S. Connley and Mrs. Gayer should assume and pay all indebtedness incurred by the business. The Webbs executed their bill of sale, conveying to Mrs. Gayer their interest in Webb Philgas Company, including "all contracts, outstanding book accounts, bills receivable, and claims for money."

The Vercamp Corporation subsequently filed this action in the nature of an interpleader against Mrs. Gayer and appellant, Lula Webb, individually and as executrix of the estate of Jeff Webb, the latter having died after execution of the agreement and before the filing of the suit. Appellant's answer, counterclaim, and cross-petition charged fraud on the part of Mrs. Gayer in connection with the sale of the business, and recovery was sought for one-half of the deposits held by Verkamp. A general demurrer was sustained to this pleading, and upon appellant's declining to plead further, a judgment directed the payment of the deposits to Mrs. Gayer. Lula Webb, individually and in her capacity as executrix, has appealed.

The parties do not question here the court's construction of the contract and

bill of sale as including the deposits, but it is insisted by appellant that actionable fraud was charged by her pleading and that the demurrer should have been overruled. We doubt that the facts charged in appellant's pleading are sufficient to amount to an allegation of fraud, but the conclusion which we have reached makes it unnecessary to decide that question.

The rule is that where fraud has been committed in obtaining a contract it may be taken advantage of either by an affirmance of the contract and recovery of damages on account of the fraud or by a rescission of the contract. In case the contract is affirmed and the action is for damages, the proper measure of damages in a case of this sort is the difference between the reasonable market value of the property sold and its value as it was represented to be by the fraudulent statement. In the event the action is for rescission, it is necessary that the person seeking the rescission return or tender the amount received under the contract. The rule is stated in Kentucky Electric Development Co.'s Receiver v. Head, 252 Ky. 656, 68 S.W.2d 13, as follows:

"Where fraud has been committed in the obtaining of a contract, it may be taken advantage of in two forms: (1) By an affirmance of the contract and a recovery of damages for the injury; (2) by a disaffirmance of the contract and a recovery of the thing parted with as the consideration. By the latter, the contract is treated as a nullity. This mode can only be adopted upon certain terms; those terms are: That he surrender or tender a surrender within a reasonable time to the other contracting party the thing which he has received under the disaffirmed contract. He is not permitted to hold onto the thing which he has received and successfully effect a restoration of the thing which he has parted with under the contract."

In the present case, appellant did not pursue either of the remedies prescribed by the rule. She did not seek a rescission with an accompanying offer of a return of the purchase price, nor did she seek to recover damages on account of the fraud charged. The only relief she seeks is a recovery of a part of the deposits held by Verkamp. In order to grant that relief, the court would have been required to make a new contract between the parties. The general demurrer was properly sustained.

The judgment is affirmed.