**Jayanti PATEL and Savitri Patel, Appellants,**

v.

**Praful D. PATEL and Jyotsna Patel, Appellees.**

Court of Appeals of Kentucky.

Feb. 21, 1986.

Larry D. Noe, Campbellsville, for appellants.

William Colvin, Greensburg, for appellees.

Before COMBS, HOWERTON and WHITE, JJ.

COMBS, Judge.

This is an appeal from the judgment of the Green Circuit Court, awarding damages against appellant for fraud in inducing appellees to purchase a motel.

In 1983, appellees Praful and Jyotsna Patel purchased the Spring Motel in Greensburg, Kentucky, for $136,000.00 from appellants Jayanti and Savitri Patel. Praful and Jyotsna tendered a cash down-payment totalling $35,000.00 and secured the $101,000.00 balance with a promissory note.

Prior to the sale, Jayanti told Praful that the motel earned about $50,000.00 per year, and produced record books to verify his claim. The books showed that the hotel's monthly gross ranged between $3,000.00 and $9,000.00. Praful asked to see the tax returns, but Jayanti told him the records were with his accountant some three hundred to four hundred miles away and said that Praful should take his word for it.

After Praful and Jyotsna bought the motel, they discovered that Jayanti had seriously misrepresented the hotel's monthly income. Instead of grossing between $3,000.00 and $9,000.00 per month, the hotel generated $2,000.00 per month during the buyer's operation. As a result, the buyers rescinded the contract, deeded the property back to the sellers, and brought this action for fraudulent misrepresentation. After hearing all the evidence, the jury found in favor of the buyers and awarded them $20,000.00.

Jayanti and Savitri raised three issues before this court on appeal. First, they argue that the evidence is insufficient to support a finding of fraud because the buyers failed to show that Jayanti made a material misrepresentation by clear and convincing evidence, or that they relied on the statement in buying the motel. We disagree. Each side presented testimony to support its version of the facts, but reasonable minds could fairly conclude from the evidence that Jayanti exaggerated the motel's income. We also note that Praful Patel's testimony shows he relied on the sellers' statement of income in reaching his decision to buy the motel, as follows:

Q. Did you, Mr. Patel, rely on the statements about the income made to you by Jay Patel?

A. Actually I do because he told me, he said you take my word for it. He say I won't tell you lie. I just want to sell it because of my health problem. I no need to tell you lie about it. That's what he told me.

Next, the sellers allege that the trial court erred in failing to instruct the jury that the buyers had to exercise ordinary diligence in relying upon any statement made by the sellers. We are not impressed with this argument. The trial court instructed the jury that "it was the duty of

the plaintiffs in purchasing the Spring Motel to exercise ordinary care for his own financial position. If you find that the plaintiffs failed to exercise ordinary care, then you will find for the defendants." We see very little difference between the point now raised by appellants and the instruction actually given by the trial court.

█ Finally, the sellers allege that the court should have instructed the jury to find in their favor unless the jury believed that the fair market value of the motel was less than $136,000.00. The sellers reason that the proper measure of damage in an action for fraud is the difference between the value of the property and the price paid. We disagree. "The rule is that where fraud has been committed in obtaining a contract it may be taken advantage of either by an affirmance of the contract and recovery of damages on account of the fraud or by a rescission of the contract." *Webb v. Verkamp Corp.*, Ky., 254 S.W.2d 717, 719 (1953). If the buyer elects to rescind the contract, he is entitled to "a recovery of the thing parted with as the consideration". *Kentucky Electric Development Co.'s Receiver v. Head*, 252 Ky. 656, 68 S.W.2d 1 (1934). In this case, the buyers did not elect to affirm the contract and sue for damages as appellants suggest, but rather chose to rescind the contract and recover the $35,000.00 down payment, "the thing parted with as the consideration". *Id.* at 661, 68 S.W.2d 1. Under the circumstances, the trial court did not err in rejecting the sellers' jury instruction and the jury's verdict is not clearly erroneous on the facts of this case.

The judgment of the Green Circuit Court is affirmed.

All concur.