**RADIOSHACK CORPORATION,**
Appellant,

v.

**COMSMART, INC.; Michael Dean,**
**Individually, Appellees.**

No. 2006–CA–000446–MR.

Court of Appeals of Kentucky.

April 27, 2007.

R. Aaron Hostettler, London, KY, for appellant.

William G. Crabtree, London, KY, for appellee.

Before WINE, Judge; BUCKINGHAM and HENRY, Senior Judges.[1]

## OPINION

WINE, Judge.

Radioshack Corporation appeals a judgment of the Estill Circuit Court confirming a jury verdict against it and in favor of the Appellees, Comsmart, Inc., and Michael Dean. Radioshack contends that the trial court erred by allowing Comsmart and Dean to present evidence of oral statements made prior to the execution of the contract in support of their misrepresentation claim. Radioshack also argues that it was entitled to a directed verdict or to a judgment notwithstanding the verdict because Comsmart and Dean failed to present clear and convincing evidence of fraud. We conclude that neither the parol evidence rule nor the merger and integration clauses in the contract precluded Comsmart and Dean from presenting evidence on their misrepresentation claim. We further find that the jury's verdict in favor of Comsmart and Dean was supported by substantial evidence. Hence, we affirm.

On October 20, 2000, Radioshack and Comsmart entered into a franchise agreement for Comsmart to open a Radioshack store in Irvine, Kentucky. Comsmart also executed an installment promissory note to borrow $48,000.00 from Radioshack. The note was secured by a purchase money security interest in Comsmart's inventory, and by a personal guarantee by Comsmart's president, Michael Dean. Comsmart opened the Irvine store in December of 2000.

The franchise agreement permitted Comsmart to opt out of the franchise in the twelfth month of operation if the franchise proved to be unsuccessful or unprofitable. The Irvine store was not successful and Comsmart closed at the end of the twelve months. However, Comsmart also defaulted on its payments under the promissory note. Consequently, Radioshack brought this action against Comsmart and Dean to collect on the note. In response, Comsmart and Dean asserted fraud in the inducement, both as a defense to the note and as an affirmative counterclaim.

Specifically, Comsmart and Dean alleged that Radioshack's representatives had made material misrepresentations about how well a previous Irvine store had done, the new store's likely profitability, and the inventory which would be sent to the new store. Radioshack moved for summary judgment, arguing that the defense and the counterclaim were barred by the merger and integration clauses in the contract and by the parol evidence rule. The trial court denied the motion and the matter proceeded to trial.

At the close of the evidence, the jury found that Radioshack had made false representations of a material fact and that Comsmart and Dean had reasonably relied on these misrepresentations. Consequently, the jury found for Comsmart and Dean on Radioshack's claim to enforce the note. The jury also found for Comsmart and Dean on their misrepresentation counterclaim and awarded damages of $19,660.00. Thereafter, Radioshack moved for a judgment notwithstanding the verdict or alternatively for a new trial. The trial court denied the motions and this appeal followed.

On appeal, Radioshack again argues that it was entitled to a judgment notwithstanding the verdict or alternatively to a new

---

**1.** Senior Judges David C. Buckingham and Michael L. Henry sitting as Special Judges by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

trial based upon the admission of evidence regarding the representations made by Radioshack to Comsmart and Dean during the contract negotiations. This aspect of Radioshack's appeal concerns the trial court's decision to admit parol evidence and to allow Comsmart's and Dean's counterclaim to go to trial. As such, the question is strictly a matter of law, which we review *de novo*. *A & A Mechanical, Inc. v. Thermal Equipment Sales, Inc.*, 998 S.W.2d 505, 509 (Ky.App.1999).

■ Radioshack primarily argues that the merger and integration clauses in the contract preclude any claim of fraud in the inducement based upon misrepresentations made prior to the execution of the contract. The initial offering circular, which Radioshack provided when Comsmart and Dean inquired about the franchise, disclaims any representations regarding the potential earning capacity of the business. Similarly, the franchise agreement and the promissory note each contain clauses which merge all prior negotiations and representations into the contract.[2]

Radioshack relies heavily on *Papa John's International, Inc. v. Dynamic Pizza, Inc.*, 317 F.Supp.2d 740 (W.D.Ky. 2004), in which the Federal District Court, applying Kentucky law, held that the presence of a merger and integration clause absolutely precludes a claim of fraud in the inducement based upon misrepresentations made prior to the execution of the contract. *Id.* at 745. However, the *Papa John's* court cited no Kentucky authority to support this conclusion. In fact, the Kentucky authority is to the contrary.

■ We agree with Radioshack that parol testimony is not admissible to vary the terms of a writing. When the negotiations are completed by the execution of the contract, the transaction, so far as it rests on the contract, is merged in the writing. *Bryant v. Troutman*, 287 S.W.2d 918, 920 (Ky.1956). But false and fraudulent representations made by one of the parties to induce the other to enter into the contract are not merged in the contract. "It is a stern but just maxim of law that fraud vitiates everything into which it enters." *Veterans Service Club v. Sweeney*, 252 S.W.2d 25, 27 (Ky.1952). Parol evidence is admissible to show that the making of the contract was procured by fraudulent representations. This does not vary the terms of the contract. *Id. See also Yeager*

2. The clause in the franchise agreement provides as follows:

**Integration.** All prior negotiations and agreements between the parties with respect to the subject matter of this Agreement are merged in this Agreement, in the other agreements signed in conjunction with this Agreement, and in the Store Reference Guide. No prior statement, agreement or understanding, oral or written, not contained in the final agreements will be recognized or enforced. Except for changes to the Store Reference Guide and other rules or regulations promulgated as provided in this Agreement, no change or amendment to the Agreement shall be effective unless in writing and signed by you and a corporate officer of Tandy Corporation or the Vice President—Radioshack Franchise/Dealer Division.

Similarly, the promissory note also contained the following language:

NO COURSE OF DEALING BETWEEN BORROWER AND PAYEE, NO COURSE OF PERFORMANCE, NO TRADE PRACTICES, AND NO EXTRINSIC EVIDENCE OF ANY NATURE MAY BE USED TO CONTRADICT OR MODIFY ANY TERM OF THIS NOTE.
THIS NOTE AND THE OTHER WRITTEN LOAN DOCUMENTS REPRESENT THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES. **THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.**

*v. McLellan,* 177 S.W.3d 807, 809 (Ky. 2005).

◼ The parol statements which are the basis for Comsmart's and Dean's action for fraud and misrepresentation are admissible as evidence in support of their cause of action. The parol evidence rule is not a procedural device but, rather, a substantive rule of law that prevents the introduction of oral statements into evidence to alter a written agreement, per force lending integrity to writings. *Childers & Venters, Inc. v. Sowards,* 460 S.W.2d 343, 345 (Ky.1970). The rule does not apply when there is an allegation of fraud in the inducement to a written agreement. *Ferguson v. Cussins,* 713 S.W.2d 5, 6 (Ky.App. 1986).

◼ Where an individual is induced to enter into the contract in reliance upon false representations, the person may maintain an action for a rescission of the contract, or may affirm the contract and maintain an action for damages suffered on account of the fraud and deceit. *Bryant,* 287 S.W.2d at 920. *See also Faulkner Drilling Co., Inc. v. Gross,* 943 S.W.2d 634, 638–39 (Ky.App.1997), and *Adams v. Fada Realty Co.,* 305 Ky. 195, 202 S.W.2d 439, 440 (1947). And since such a misrepresentation claim sounds in tort rather than contract, the parol evidence rule does not apply. *Hanson v. American National Bank & Trust Co.,* 865 S.W.2d 302, 307 (Ky.1993), *overruled on other grounds by, Sand Hill Energy, Inc. v. Ford Motor Co.,* 83 S.W.3d 483 (Ky. 2002).

Comsmart and Dean brought their counterclaim alleging that the contract was procured by fraud. Thus, parol evidence was admissible to prove this claim notwithstanding the merger and integration clauses in the contracts. *Bryant,* 287 S.W.2d at 920. Therefore, the trial court properly admitted the evidence.

◼ Radioshack also argues that it was entitled to a judgment notwithstanding the verdict or to a new trial based upon insufficiency of the evidence supporting Comsmart's and Dean's fraud claim. When this Court reviews a trial court's decision to deny a motion for judgment notwithstanding the verdict, we apply the same standard of review that we use when reviewing a lower court's decision to deny a motion for a directed verdict. *Prichard v. Bank Josephine,* 723 S.W.2d 883, 885 (Ky.App.1987). When a trial court considers a motion for judgment notwithstanding the verdict, it must view the evidence in a light that is most favorable to the opposing party and give the opposing party every fair and reasonable inference that can be drawn from the evidence. *Taylor v. Kennedy,* 700 S.W.2d 415, 416 (Ky.App.1985). Furthermore, the trial court may only grant judgment notwithstanding the verdict where "there is a complete absence of proof on a material issue in the action, or if no disputed issue of fact exists upon which reasonable men could differ." *Id.*

◼ Radioshack raises three points on which it contends that it was entitled to a directed verdict or to a judgment notwithstanding the verdict. First, Radioshack argues that it was entitled to a directed verdict on its claim under the promissory note. Second, Radioshack asserts that the jury's verdict for Comsmart and Dean was not supported by clear and convincing evidence of fraud. And third, Radioshack claims that the instructions allowed the jury to award Comsmart and Dean more damages than they were entitled. However, Radioshack did not raise the first and third issues in its pre-hearing statement. Therefore, these issues are not properly presented on appeal. CR 76.03(8). *See also Sallee v. Sallee,* 142 S.W.3d 697, 698 (Ky.App.2004).

This leaves only the issue regarding the sufficiency of the evidence on Comsmart's and Dean's misrepresentation claim. It is well-established that a plaintiff seeking to prevail on a claim of fraud must establish, by clear and convincing evidence, six elements: (1) that the declarant made a material misrepresentation to the plaintiff, (2) that this misrepresentation was false, (3) that the declarant knew it was false or made it recklessly, (4) that the declarant induced the plaintiff to act upon the misrepresentation, (5) that the plaintiff relied upon the misrepresentation, and (6) that the misrepresentation caused injury to the plaintiff. *United Parcel Service Co. v. Rickert*, 996 S.W.2d 464, 468 (Ky.1999). For a declarant's misrepresentation to be used as the basis for fraud, it must relate to an existing or past fact. *Edward Brockhaus & Co. v. Gilson*, 263 Ky. 509, 92 S.W.2d 830, 834 (Ky.1936). If the alleged misrepresentation relates to a future promise or an opinion of a future event, then it is not actionable. *Rivermont Inn, Inc. v. Bass Hotels & Resorts, Inc.*, 113 S.W.3d 636 (Ky.App.2003); *Church v. Eastham*, 331 S.W.2d 718, 719 (Ky.1960); and *McHargue v. Fayette Coal & Feed Co.*, 283 S.W.2d 170, 172 (Ky.1955).

Comsmart's and Dean's fraud claim was based on three representations allegedly made to Dean by Radioshack representatives Scott Edwards and Jeff Sampson. However, the first two clearly relate to opinion of future events or promises of future action. According to Dean, Edwards and Sampson said that Comsmart could expect a 40% profit margin during the first year. Edwards also told Dean that the most a franchisee could lose during the first year was $12,500.00. Second, Edwards told Dean that Radioshack would provide Comsmart's store with an initial inventory consisting of the 1800 top-selling Radioshack items.

Neither of these representations are actionable as fraud because Comsmart and Dean cannot prove that it *reasonably* relied on the representations. *Harralson v. Monger*, 206 S.W.3d 336, 341 (Ky.2006). As to the first representation, an expression of an opinion as to future profits is not actionable as fraud, at least where the subject of the opinion is not susceptible of definite knowledge. *Moseley v. Owensboro Municipal Housing Commission*, 252 S.W.2d 880, 881 (Ky.1952). Likewise, Comsmart and Dean could not reasonably rely on Radioshack's promises concerning the type of inventory it would send because the statement involved a promise of future performance. Furthermore, while the written disclaimers do not preclude a tort action for misrepresentation, such disclaimers are relevant to determine whether a person reasonably relied on the representations. *Rivermont Inn*, 113 S.W.3d at 640–41. In this case, the franchise agreement specifically disclaimed any oral understandings or agreements which were not set out in the written contract. We conclude that any promises or understandings concerning the type of inventory which Radioshack would send to Comsmart and Dean were specifically disclaimed by the franchise agreement and are therefore not actionable.

However, we conclude that Comsmart and Dean presented sufficient evidence on their third and primary allegation of fraud to create a jury issue. During the negotiations prior to the execution of the franchise agreement, Dean asked Sampson about how well a previous Radioshack store in Irvine had done. The previous store was owned and operated by Tamad, Inc., and Tammy Trude. Sampson answered that the Tamad store had "done great" and had made annual purchases from Radioshack of $175,000.00. In fact, the Tamad store

lost more than $30,000.00 in its first year of operation; it failed to pay Radioshack for much of the inventory which it purchased; and when it closed its doors, it owed Radioshack more than $40,000.00 in unpaid merchandise.

These representations clearly related to past events. Furthermore, at the time Sampson made these representations, the Tamad's account had been past-due for more than six months. Sampson told Dean that the Tamad store had closed due to the personal problems of its owner, but failed to mention the store's lack of sales. Sampson also misled Dean by stating how much inventory the Tamad store had purchased but without disclosing that Tamad failed to pay for much of that inventory. The jury could reasonably find that these misrepresentations were intentional or reckless, that Comsmart and Dean reasonably relied on the statements, and that they materially induced Comsmart and Dean to execute the franchise agreement. *See Patel v. Patel,* 706 S.W.2d 3, 4 (Ky. App.1986). Therefore, Radioshack was not entitled to a directed verdict on the misrepresentation claim.

Accordingly, the judgment of the Estill Circuit Court is affirmed.

ALL CONCUR.