RENDERED:  AUGUST 12, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0040-MR

CHARLES K. BUCKLEY                                          APPELLANT

APPEAL FROM FAYETTE CIRCUIT COURT
v.       HONORABLE ERNESTO M. SCORSONE, JUDGE
ACTION NO. 20-CI-02756

STEPHEN HOWARD                                              APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, MAZE, AND McNEILL, JUDGES.

McNEILL, JUDGE:  Charles Buckley ("Buckley") appeals from the order of the

Fayette Circuit Court dismissing his claims against Stephen Howard ("Howard")

for being filed outside of the applicable statute of limitations.  Finding no error, we

affirm.

On August 2, 2013, Buckley and Howard entered into a Real Estate

Sales and Purchase Contract for real property located at 3280 Cleveland Road in

Lexington, Kentucky. Pursuant to the contract, Buckley would purchase the property from Howard for $262,500, making monthly payments of $6,000 towards the purchase price. Buckley made fifteen payments totaling $90,000 before informing Howard that he no longer intended to purchase the property.

On December 16, 2015, Howard's attorney sent Buckley a letter informing him that he was in breach of the contract and giving Buckley the option to continue with the purchase or allow Howard to attempt to sell the property to a third party. If the property sold, Buckley would be refunded the money he had paid towards the purchase of the property. Additionally, Buckley allegedly spoke in person with Howard's attorney on two occasions, once before the December 16, 2015, letter and once afterwards, and was told he would receive the $90,000 when the property sold.

The property sold on March 15, 2017, with Buckley learning about the sale three to four months afterwards. Although the property had sold, Howard never returned the $90,000. Three and a half years later, on September 15, 2020, Buckley filed a complaint in Fayette Circuit Court alleging conversion and violation of KRS[1] 514.070. Howard moved to dismiss the complaint for being filed outside KRS 413.125's two-year statute of limitations.

---

[1] Kentucky Revised Statutes.

Buckley responded that Howard was estopped from asserting the statute of limitations as a defense, alleging that he relied on Howard's representation that the $90,000 would be returned to him after the property sold. The trial court ruled that Howard's claims were barred by the statute of limitations and dismissed the complaint. This appeal followed.

As an initial matter, we must address the deficiency of Buckley's appellate brief. His argument section fails to make "reference to the record showing whether the issue was properly preserved for review and, if so, in what manner" as required by CR[2] 76.12(4)(c)(v). We require a statement of preservation:

> so that we, the reviewing Court, can be confident the issue was properly presented to the trial court and therefore, is appropriate for our consideration. It also has a bearing on whether we employ the recognized standard of review, or in the case of an unpreserved error, whether palpable error review is being requested and may be granted.

*Oakley v. Oakley*, 391 S.W.3d 377, 380 (Ky. App. 2012).

"Our options when an appellate advocate fails to abide by the rules are: (1) to ignore the deficiency and proceed with the review; (2) to strike the brief or its offending portions, CR 76.12(8)(a); or (3) to review the issues raised in the brief for manifest injustice only[.]" *Hallis v. Hallis*, 328 S.W.3d 694, 696 (Ky.

---

[2] Kentucky Rules of Civil Procedure.

App. 2010) (citing *Elwell v. Stone*, 799 S.W.2d 46, 47 (Ky. App. 1990)). Because the record is small, and we have been able to determine Buckley's arguments were properly preserved, we will ignore the deficiency and proceed with the review.

"A motion to dismiss for failure to state a claim upon which relief may be granted admits as true the material facts of the complaint[]" and should not be granted "unless it appears the pleading party would not be entitled to relief under any set of facts which could be proved." *Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010) (internal quotation marks and citations omitted). Because a motion to dismiss for failure to state a claim is a question of law, we review the issue *de novo*. *Id.*

Buckley argues on appeal that equitable estoppel precludes Howard from relying upon statute of limitations as a defense and that the trial court erred in dismissing his claims.[3] He also contends that whether equitable estoppel applies is a factual question for the jury.[4]

> The essential elements of equitable estoppel are[:] (1) conduct which amounts to a false representation or concealment of material facts, or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the

---

[3] We note that Buckley has not challenged on appeal, and did not challenge below, the applicability of KRS 413.125's two-year statute of limitations to his claims.

[4] While we agree with Buckley that, generally, equitable estoppel is a question of fact, *Weiand v. Board of Trustees of Kentucky Retirement Systems*, 25 S.W.3d 88, 91-92 (Ky. 2000), the trial court held that equitable estoppel did not apply as a matter of law. As will be explained below, we agree with this determination; therefore we find no error on this issue.

-4-

party subsequently attempts to assert; (2) the intention, or at least the expectation, that such conduct shall be acted upon by, or influence, the other party or other persons; and (3) knowledge, actual or constructive, of the real facts. And, broadly speaking, as related to the party claiming the estoppel, the essential elements are (1) lack of knowledge and of the means of knowledge of the truth as to the facts in question; (2) reliance, in good faith, upon the conduct or statements of the party to be estopped; and (3) action or inaction based thereon of such a character as to change the position or status of the party claiming the estoppel, to his injury, detriment, or prejudice.

*Sebastian-Voor Props., LLC v. Lexington-Fayette Urban County Gov't*, 265 S.W.3d 190, 194-95 (Ky. 2008) (citation omitted). "In order to prevail on a theory of estoppel, there must be proof not only of an intent to induce action or inaction on the party to be estopped, but also of *reasonable reliance* by the party claiming the estoppel." *Kindred Nursing Centers Ltd. P'ship v. Brown*, 411 S.W.3d 242, 247 (Ky. App. 2011) (emphasis added) (citing *Gailor v. Alsabi*, 990 S.W.2d 597, 604 (Ky. 1999)).

Here, the trial court determined that, even viewing the facts in the light most favorable to Buckley, the doctrine of equitable estoppel did not apply as a matter of law. We agree. Although not addressed by the trial court, equitable estoppel only applies to a misrepresentation of an existing fact, not a future promise to act. *See Lena Petroleum, Inc. v. Kennedy*, No. 2008-CA-000657-MR, 2009 WL 723044, at *10 (Ky. App. Mar. 20, 2009); *YEC Properties, LLC v.*

*Adams*, No. 2017-CA-002046-MR, 2019 WL 3763631, at *4 (Ky. App. Aug. 9, 2019).[5] Here, the misrepresentation alleged is a future promise to act – Howard's promise to refund the $90,000 once the property sold. For this reason alone, Buckley's equitable estoppel claim fails as a matter of law.

However, Buckley also cannot show that his reliance on Howard's promise to refund the $90,000 was *reasonable*. It is undisputed that the property sold on March 15, 2017, and that Howard became aware of the sale three to four months later. Once the property sold and Howard had not paid, it was no longer reasonable for Buckley to rely on Howard's representation. Buckley has not alleged that Howard made any further representations after the date of the property sale that made him think the money was still forthcoming or that prevented him from filing suit. To whatever degree it may arguably have been reasonable to rely on the promise to pay in the beginning, there is nothing to suggest that expectation could go on indefinitely without some sort of attempt to collect the money, either through confronting Howard to confirm that the promise was still good, or through filing suit to enforce the promise. Any reasonableness surely expired upon the

---

[5] We cite these unpublished opinions as persuasive, not binding, authority. *See* CR 76.28(4)(c). In *Lena Petroleum*, a panel of this Court cited the rule that to support a claim for fraud, a misrepresentation must relate to a past or existing fact, not a future promise. 2009 WL 723044 at *10 (citing *Radioshack Corp. v. ComSmart, Inc.*, 222 S.W.3d 256, 262 (Ky. App. 2007)). It then reasoned that since the "doctrine of equitable estoppel is a remedy from fraud[,]" equitable estoppel is only applicable where the misrepresentation relates to a past or existing fact, not a future promise. *Id.* (citing *Bennett v. Horton*, 592 S.W.2d 460, 463 (Ky. 1979)).

running of the applicable statute of limitations. For whatever reason, Buckley waited three and a half years before filing his complaint, substantially outside of KRS 413.125's two-year statute of limitations.

Similarly, Buckley cannot show that he lacked the means to obtain knowledge of the true facts, *i.e.*, that Howard was not going to repay the $90,000, another element of equitable estoppel. Here, there is no evidence Buckley attempted to collect the $90,000 after the property sold or spoke with Howard about his intention to repay the money, even though Buckley claims in his affidavit that he was aware that Howard was under financial pressure around the time of the sale. Therefore, he should have been aware of the possibility that Howard might not repay the money.

As to this element of equitable estoppel, Buckley merely says that "[t]he representations by Howard and Howard's attorney that the $90,000 would be repaid were not retracted." However, as the party seeking recovery, Buckley had a duty to act diligently in pursuit of his claim. *See Williams v. Hawkins*, 594 S.W.3d 189, 197-98 (Ky. 2020) (quoting *Lingar v. Harlan Fuel Co.*, 182 S.W.2d 657, 659 (Ky. 1944)) ("[O]ne may not omit to avail himself of readily accessible sources of information concerning particular facts, and thereafter plead as an estoppel the silence of another who has been guilty of no act calculated to induce the party claiming ignorance to refrain from investigating.").

Buckley relies upon *Satterfield v. Satterfield*, 608 S.W.3d 171, 173 (Ky. App. 2020), in support of his equitable estoppel argument. *Satterfield* concerned a marriage dissolution action wherein husband was ordered to execute a Qualified Domestic Relations Order ("QDRO") awarding wife fifty percent of husband's pension within thirty days of the dissolution order. Twenty years later, wife discovered that husband had never executed the QDRO and moved the court to enter the QDRO into the record. The trial court found that wife's claim was barred by KRS 413.090(1)'s fifteen-year statute of limitations.

On appeal, a panel of this Court held that equitable estoppel barred application of the statute of limitations. Noting the exception to the general rule that proof of fraud requires an affirmative act when the law imposes a duty to speak or disclose, we held that husband's "failure to execute the QDRO as required under the decree [was] sufficiently akin to 'silence when the law imposes a duty'" to estop husband from relying on the defense of limitations. *Satterfield*, 608 S.W.3d at 174.

The facts of this case are distinguishable. Unlike in *Satterfield*, where wife was unaware that husband had not executed the QDRO until after the statute of limitations had expired, Buckley knew that the property had sold, and that Howard had not refunded the $90,000, well before the statute of limitations expired. Further, in *Satterfield*, husband was required under the decree to execute

the QDRO and his failure to do so was like "silence when the law imposes a duty[.]" Here, Buckley has not cited any law imposing a duty upon Howard to notify Buckley he was not going to refund the purchase price. Buckley was aware of this possibility once he learned the property had sold and he had not been paid.

In summary, Buckley's equitable estoppel claim fails as a matter of law because equitable estoppel does not apply to future promises to act. Further, Buckley cannot show that he reasonably relied on any representation by Howard to his detriment or that he was unable through reasonable diligence to learn that Howard was not going to repay the $90,000 to invoke the doctrine of equitable estoppel. When Howard did not refund the money following the sale, as he had represented, Buckley had ample time to file his claim prior to the statute of limitations expiring. Therefore, the trial court did not err in dismissing Buckley's claims.

Based upon the foregoing, the order of the Fayette Circuit Court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Robert L. Abell
Lexington, Kentucky

BRIEF FOR APPELLEE:

David T. Royse
Lexington, Kentucky